**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Benjamin William Vandewarker, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:13-cv-00070 |
| | ) | |
| vs. | ) | |
| | ) | |
| Continental Resources, Inc.; and | ) | **ORDER GRANTING CONTINETNAL** |
| Wade Works LLC, | ) | **RESOURCES' MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Continental Resources, Inc.'s motion for summary judgment filed on December 1, 2014. <u>See</u> Docket No. 32. The Plaintiff, Benjamin William Vandewarker filed a response in opposition to the motion on January 19, 2015. <u>See</u> Docket No. 42. Continental Resources filed a reply brief on February 9, 2015. <u>See</u> Docket No. 48. Vandewarker filed a responsive brief on February 16, 2015. <u>See</u> Docket No. 52. Vandewarker also filed a supplement to his brief on May 19, 2015. <u>See</u> Docket No. 61. For the reasons set forth below, the Court grants the motion.

I.     <u>**BACKGROUND**</u>

On June 20, 2013, Vandewarker filed a complaint against Continental Resources, Inc. ("Continental"). <u>See</u> Docket No. 1. On May 19, 2015, Vandewarker filed an amended complaint adding Wade Works LLC., as a defendant. <u>See</u> Docket No. 62. Vandewarker is a resident of Oregon. Continental is a corporation with its principal place of business in Enid, Oklahoma,

engaging and transacting in business in North Dakota. In the complaint, Vandewarker alleges claims of negligence, gross negligence, and intentional infliction of emotional distress against Continental.

Vandewarker worked as a semi-tractor truck operator throughout Mountrail County, North Dakota. Vandewarker was responsible for emptying and hauling wastewater from holding tanks at various oil well sites for Great Western Resources ("Great Western"). <u>See</u> Docket No. 44-1, p. 6. Part of Vandwarker's job involved climbing ladders, similar to sets of stairs with handrails on both sides, to measure water levels in the holding tanks. On October 18, 2012, Vandewarker was working at a Continental well site known as the Muruskie 2-22H. Vandewarker fell 10-15 feet off a ladder owned by Continental while he was checking the water level of a holding tank. The fall occurred in the midst of high winds. Vandewarker fractured several ribs and sustained injuries to his low back and left shoulder as a result of the fall. <u>See</u> Docket No. 33-2, p. 1. Vandewarker returned to the Muruskie well site the day after his fall and observed a loose bolt and a disconnected bracket in the stairs from which he fell. <u>See</u> Docket No. 44-1, p. 31.

Vandewarker contends he had previously noticed and reported that the holding tank from which he had fallen had a loose set of stairs. Specifically, Vandewarker contends that at least two days prior to the fall on October 18, 2012, he reported the condition of the stairs to a Continental employee named "Ben." Vandewarker claims "Ben" told him Continental would have maintenance staff look at the stairs. <u>See</u> Docket No. 44-1, pp. 27 and 32. Vandewarker's deposition testimony is the only evidence before the Court supporting the contention that Continental had knowledge regarding the condition of the loose set of stairs prior to October 18, 2012. For summary judgment purposes, Continental does not dispute this alleged fact. <u>See</u> Docket No. 48, p. 5.

At the time of Vandewarker's fall, Continental had retained Great Western to provide oil field services including gauging water tanks and hauling production water. The Master Service Contract between Continental and Great Western provided in part as follows:

2. Independent Contractor

2.1 It is expressly understood that Contractor [Great Western] is an independent contractor and that neither Contractor nor Contractor's principals, partners, employees, or subcontractors are servants, agents, or employees of Continental. As an independent contractor, Contractor agrees to comply with all laws, rules and regulations, whether federal, state, or municipal, which now or in the future may be applicable to all service or work performed hereunder or applicable to Contractor's business, equipment, or employees engaged in or in any manner connected with its performance hereunder. Contractor warrants that it is an expert in the work it will perform, that its employees and agents have been trained to follow all applicable laws, rules, and regulations and work safely, and that all of its equipment has been thoroughly tested and inspected and is safe, sufficient and free of any defects, latent or otherwise. Contractor acknowledges that Continental will rely upon these representations.

See Docket No. 33-1, p. 1.

Continental filed a motion for summary judgment on December 1, 2014, contending it is not directly liable for Vandewarker's injuries because it did not owe him a duty. Vandewarker opposes Continental's motion and claims Continental is directly negligent for failing to repair the stairs from which he fell.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and, therefore, the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c). Summary judgment is not appropriate if there

are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents sufficient disagreement to require the submission of the case to a jury or if it is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party first has the burden of demonstrating an absence of genuine issues of material fact. Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005). The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 541-542.


### III.   LEGAL DISCUSSION

Vandewarker brings his claims of negligence, gross negligence, and intentional infliction of emotional distress based upon diversity jurisdiction. It is well-established that in an action based on diversity jurisdiction, the Court "will apply the substantive law of North Dakota." Atkinson v. McLaughlin, 462 F. Supp. 2d 1038, 1047 (D.N.D. 2006). "To establish a cause of action for negligence, a plaintiff must show the defendant has a duty to protect the plaintiff from injury." Rogstad v. Dakota Gasification Co., 2001 ND 54, ¶ 12, 623 N.W.2d 336 (citing Pechtl v. Conoco, Inc., 1997 ND 161, ¶ 7, 567 N.W.2d 813). The existence of a duty is generally a question of law for the court to decide. However, if the existence of a duty depends on the resolution of factual issues, those issues must be resolved by the trier of fact. Gullickson v. Torkelson Bros., Inc., 1999 ND 155, ¶ 6, 598 N.W.2d 503. "If no duty exists, there is no negligence." Rogstad, 2001 ND 54 at ¶ 12.

It is well-established in North Dakota that, as a general rule, an employer is not liable for the torts of an independent contractor.  <u>Iverson v. Bronco Drilling Co., Inc.</u>, 667 F. Supp. 2d 1089, 1094 (D.N.D. 2009) (citing <u>Grewal v. North Dakota Ass'n of Counties</u>, 2003 ND 156, ¶ 10, 670 N.W.2d 336).  The general rule of employer non-liability for the acts or omissions of independent contractors was recently affirmed by the North Dakota Supreme Court in <u>Crocker v. Morales-Santana</u>, 2014 ND 182, ¶30, 854 N.W.2d 663.

Section 414 of the Restatement (Second) of Torts recognizes an exception to the general rule of employer non-liability.  <u>See</u> Restatement (Second) of Torts § 414 (1965).  This exception makes an employer liable for the acts of an independent contractor when the employer has retained sufficient control over the work.  <u>Gasal v. CHS Inc.</u>, 798 F. Supp. 2d 1007, 1012 (D.N.D. 2011); <u>Grewal</u>, 2003 ND 156 at ¶ 10.  Specifically, Section 414 provides that the employer can be found directly liable for the employer's failure to exercise its retained control with reasonable care. <u>Iverson</u>, 667 F. Supp. 2d at 1094; <u>Peterson v. City of Golden Valley</u>, 308 N.W.2d 550, 554 (N.D. 1981).  An employer of an independent contractor who retains control of the work owes a duty of care to the independent contractor's employees to exercise the retained control with reasonable care.  <u>Madler v. McKenzie Cnty</u>, 467 N.W.2d 709, 711 (N.D. 1991).

The liability created by Section 414 arises only when the employer retains the right to control the method, manner, and operative detail of the work performed.  Restatement (Second) of Torts §414 (1965).  It is not enough that the employer merely retains the right to inspect the work or to make suggestions which need not be followed.  <u>Iverson</u>, 667 F. Supp. 2d at 1094-95 (citing <u>Fleck v. ANG Coal Gasification Co.</u>, 522 N.W.2d 445, 448 (N.D. 1994)).  Comments to the Restatement (Second) of Torts § 414 further clarify this concept:

> In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

Restatement (Second) of Torts § 414 cmt. c (1965). It is clear under North Dakota law that the determination of whether an exception to the general rule of employer non-liability applies is a question of law the Court must resolve before allowing the jury to hear the evidence. Schlenk v. Northwestern Bell Telephone Co., Inc., 329 N.W.2d 605, 608 (N.D. 1983).

It is undisputed Great Western was an independent contractor of Continental. Therefore, the sole determination for this Court is whether Continental retained control over the method, manner, and operative details of Great Western's day-to-day work sufficient to invoke liability under Section 414. Section 414 does not impose vicarious liability for the acts of an independent contractor. Fleck, 522 N.W.2d at 447-48. Rather, it creates an independent basis of liability for the employer's failure to exercise reasonable care in retaining control over the independent contractor. Id. at 448. Such control may arise either contractually, through express provisions retaining the right to control the operative detail of the contractor's work, or through the employer's actual exercise of control at the job site. Id.

The undisputed facts show Great Western was an independent contractor of Continental who was free to perform its work in its own way. Continental retained no control over the work of Great Western and cannot be liable under Section 414. The record clearly reveals that Continental exercised no actual control over the method, manner, or operative details of the work performed by Great Western or Vandewarker. Great Western was hired as an independent

contractor to check water levels on stationary tanks owned by Continental. Vandewarker was an employee of Great Western and was directed by Great Western to perform the water level check requested by Continental. Continental did not supervise, direct, or instruct Great Western or Vandewarker on the method, manner, or operative details of how the work was to be performed. Vandewarker was free to perform the work as he saw fit.

Vandewarker seeks to impose liability on Continental based on Continental's ownership of the stairs and storage tanks at the well site. However, the Court finds as a matter of law that Continental's ownership of the tanks or the stairs at the well site is irrelevant to the issue of Continental's duty to the plaintiff. "[M]erely providing equipment is not the kind of control that creates a duty." Kristianson v. Flying J Oil & Gas, Inc., 553 N.W.2d 186, 190 (N.D. 1996). "Instead, 'a duty arises only if the employer, in addition to providing the equipment, also directly supervises or controls its use, or instructs the independent contractor's employee on the use of the equipment.'" Id. (internal citations omitted).

The Court finds that Continental neither contractually retained the right to exercise control over the work performed by its independent contractor (Great Western), nor did Continental exercise actual control over the work performed by Great Western or Vandewarker. Consequently, Continental is not liable under Section 414 or the Restatement (Second) of Torts for any of its independent contractor's actions or inactions.

Further, the Court finds that Continental had no special duty to provide a safe work environment to Vandewarker since Continental retained no direct control over Great Western at the well site. In Pechtl v. Conoco, the North Dakota Supreme Court determined the question of whether an employer of an independent contractor has a duty to provide a safe workplace is

"governed by [the] resolution of the issue of retained control under Section 414." Pechtl, 1997 ND 161 at ¶ 21.

The plaintiff in *Pechtl* argued Conoco could not shift its duty to provide a safe workplace to an independent contractor. The North Dakota Supreme Court disagreed, holding an employee of an independent contractor could not bring a claim against an employer of the independent contractor for an injury allegedly caused by the employer's hazardous or dangerous worksite. Id. at ¶ 22. (citing Fleck, 522 N.W.2d 445).

In this case, the Plaintiff cannot maintain a cause of action against Continental for failure to provide a safe work environment as Continental retained no direct control over the well site, and contractually delegated safety issues and procedures to its independent contractor, Great Western. Great Western was responsible for its own safety procedures, and was not required to follow any suggestions made by Continental. Vandewarker, an employee of Great Western, was responsible for following Great Western's safety procedures and for his own safety in performing his job duties. Further, Continental was under no duty to "make specific inquiry as to the work and safety practices of an independent contractor" as this would be contrary to the principal that an employer has a right to rely on the presumption that its independent contractors will perform the work in a safe manner. See Schlenk, 329 N.W.2d at 613-614.

Although Continental was interested in the safety of all employees of its independent contractors, "interest in safety at the jobsite, however, does not rise to the level of control required under Section 414." Pechtl, 1997 ND 161, ¶ 17. Therefore, the Court finds as a matter of law that Continental owed no duty to Vandewarker regarding conditions at the well site, and cannot be held liable for injuries sustained by the plaintiff.

IV.     **<u>CONCLUSION</u>**

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law.  For the reasons set forth above, the Defendant's motion for summary judgment (Docket No. 32) is **GRANTED**.

**IT IS SO ORDERED**

Dated this 16th day of September, 2015

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court
